GONZÁLEZ ET AL., DEMANDANTES Y APELANTES, *v.* BENÍTEZ ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre nulidad de contrato y otros extremos.

No. 1885.—Resuelto en mayo 23, 1919.

NULIDAD DE ESCRITURAS—AUTORIZACIÓN JUDICIAL—BIENES DE MENORES—JURISDICCIÓN—COMPETENCIA.—Las escrituras de enajenación de bienes inmuebles de menores otorgadas con autorización de una corte de distrito en que no radican los bienes, no adolecen de vicio de nulidad pues dicha corte tiene jurisdicción para actuar por razón de la materia y también competencia para otorgar la autorización derivada de la sumisión de la parte con arreglo a los artículos 76 y 77 del Código de Enjuiciamiento Civil. *Ajenjo y Santiago et al., v. Santiago Rosa et al.,* 26 D. P. R. 713.

JURISDICCIÓN VOLUNTARIA—JUEZ COMPETENTE.—Se ha establecido como regla general por el Tribunal Supremo de España y la Dirección General de los Registros que en los actos de jurisdicción voluntaria la ley concede la competencia al juez a quien se haya acudido; y como la autorización para enajenar

bienes de menores es un acto de jurisdicción voluntaria, también a esa autorización es aplicable la doctrina expuesta. *Ajenjo y Santiago et al.*, v. *Santiago Rosa et al.*, 26 D. P. R. 713.

Los hechos están expresados en la opinión.

Abogados de los demandantes: *Sres. José A. y Alberto S. Poventud.*

Abogado de los demandados: *Sr. Francisco González Fagundo.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

En el año de 1904 falleció don Manuel González y Fernández. Durante su matrimonio con doña Clementina Lugo y Calzada había adquirido las tres fincas rústicas a que se refiere este pleito, situadas todas en el término municipal de Naguabo, distrito judicial de Humacao. La propiedad de dichas fincas a la muerte del señor González pasó a su indicada esposa y a sus legítimos hijos María, Manuela, Arístides, Manuel, Carlota y Clementina y así se hizo constar en el registro de la propiedad.

El 5 de junio de 1908 doña Clementina Lugo y Calzada por su propio derecho y a nombre de sus menores hijos no emancipados entonces, Manuel, Carlota, Clementina y Arístides González y Lugo, y María y Manuel González y Lugo, ambos por su propio derecho, comparecieron ante notario público y vendieron las repetidas tres fincas a José J. Benítez. Previamente la Sra. Lugo había sido autorizada para vender las participaciones correspondientes a sus menores hijos en las indicadas fincas por la Corte de Distrito de San Juan. Benítez entró inmediatamente en la .posesión de las tierras y las arrendó, hipotecó y vendió finalmente, en 1913 y 1914, a otras personas. Las ventas se verificaron después de iniciado este pleito que lo fué en 1913. La demanda enmendada que se archivó en Ponce está fechada en 1916.

Basándose en que la venta era una mera nulidad en cuanto a ellos porque se había llevado a efecto en contravención a la ley, los demandantes pidieron a la corte que así lo de-

clarara; que les reconociera su derecho a disfrutar de sus condominios consistentes en tres sextas partes proindivisas de la mitad también proindivisa de cada una de las fincas; que decretara la división de la comunidad y la entrega de sus participaciones a los demandantes y que condenara al demandado Benítez a satisfacer a los demandantes la suma de ocho mil pesos por rentas, productos, beneficios y utilidades, con más las costas del pleito.

Fueron varios los demandados, pero sólo es necesario que nos refiramos a la contestación de Benítez. Sostuvo éste en primer término la validez del contrato y alegó también que la venta de la participación de los menores fué necesaria y que los menores se enriquecieron con su precio, y pidió a la corte que desestimara la demanda, y para el caso de que decidiera que el contrato era nulo, solicitó que se condenara a los demandantes a reintegrarle el precio de la venta.

La corte de distrito escribió una extensa y bien trabajada opinión y decidió finalmente el pleito por su sentencia de 30 de enero de 1918 por virtud de la cual declaró, entre otras cosas, que la autorización de la corte y el contrato de venta eran nulos, inexistentes y de ningún valor ni efecto legal en cuanto a los menores demandantes; que eso no obstante Benítez había sido un poseedor de buena fe hasta el día en que fué interpelado judicialmente y sólo a partir de esa fecha venía obligado a devolver los frutos cuya cuantía se fijaría en una acción separada y que los demandantes debían reintegrar al demandado Benítez el precio de la venta correspondiente a sus participaciones en las fincas.

Las partes demandantes y demandadas apelaron y sus recursos se tramitaron y vieron conjuntamente y conjuntamente también serán resueltos por esta Corte Suprema.

Como se ve la verdadera cuestión fundamental envuelta en este pleito es la de si una autorización judicial para vender bienes de menores concedida por una corte de distrito que no es la del lugar en que los bienes están situados, es o no nula.

· Cuando la Corte de Distrito de Ponce dictó la sentencia apelada, aun no había resuelto esta Corte Suprema los casos de *Martorell et al.; v. J. Ochoa y Hermano et al.*, 26 D. P. R. 689, y *Ajenjo y Santiago et al.*, v. *Santiago et al.*, 26 D. P. R. 713, en los cuales se estudió ampliamente y se decidió la indicada cuestión revocando cierta jurisprudencia establecida con anterioridad.

El resumen del caso de Ajenjo, dice:

"Las escrituras de enajenación de bienes inmuebles de menores otorgadas con autorización de la corte de distrito en que no radican los bienes, no adolecen de vicio de nulidad pues aquella corte tiene jurisdicción para actuar por razón de la materia y también competencia para otorgar la autorización, derivada de la sumisión de la parte con arreglo a los artículos 76 y 77 del Código de Enjuiciamiento Civil que han sido tomados de la antigua Ley de Enjuiciamiento Civil española.

"Se ha establecido como regla general por el Tribunal Supremo de España y la Dirección General de los Registros que en los actos de jurisdicción voluntaria la ley concede la competencia al juez a quien se haya acudido; y como la autorización para enajenar bienes de menores es un acto de jurisdicción voluntaria, también a esa autorización es aplicable la doctrina expuesta."

Siendo ello así, cae por su base la acción ejercitada por los demandantes en este pleito, porque válida y eficaz la autorización concedida por la Corte de Distrito de San Juan, la venta de sus participaciones en los bienes inmuebles de que se trata, fué también un acto válido y eficaz.

En tal virtud debe declararse sin lugar el recurso establecido por los demandantes, con lugar el interpuesto por los demandados, revocarse la sentencia apelada y desestimarse la demanda, todo sin especial condenación de costas.

*Revocada la sentencia apelada y desestimada*
*la demanda, sin especial condena de costas.*

Jueces concurrentes: Sr. Presidente Hernández y Asociado Sr. Hutchison.  El Juez Asociado Sr. Aldrey no intervino en la resolución de este caso.

· El Juez Asociado Sr. Wolf disintió.